**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Bankers Life and Casualty Company, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | Case No. 20 CV 50340 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Nicholas Derouin, *et al.*, ) | |
| ) | |
|     *Defendants*. ) | |

**MEMORANDUM OPINION AND ORDER**

    For the reasons stated below, it is this Court's report and recommendation that Plaintiff's motion for rule to show cause [19] be granted and that Defendants be found in contempt. Any objection to this report and recommendation must be filed by November 24, 2020. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989). The Clerk is directed to email a copy of this order to all Defendants at their email addresses identified in Plaintiff's certificate of service. *See* Dkt. 23.

**I. Background**

    Plaintiff Bankers Life and Casualty Company, who provides seniors with various insurance and financial products, brought the underlying action for injunctive relief in connection with Defendants' alleged misappropriation of trade secrets and breaches of their contracts with Plaintiff.[1] Plaintiff alleges in its verified complaint that Defendants Nicholas Derouin, Constantine Darsaklis, John Naveroski, Anthony Dickerson, Madyson Derouin, Gayle Monroe, James Nelson, Alyssa Vinke, and Michael Strauss, all former managers and agents of Plaintiff, removed and/or received policyholder information and other confidential business information belonging to Plaintiff before leaving for a competing insurance agency. Dkt. 1.

    Specifically, Plaintiff alleges that in July 2020, Nicholas Derouin, then a manager for Plaintiff, agreed to join a competing insurance agency and recruited the remaining Defendants to join him. Plaintiff alleges that while negotiating their departure from Plaintiff, Defendants downloaded numerous records containing confidential policyholder information. Defendants ultimately resigned from Plaintiff on August 3, 2020. Plaintiff alleges Defendants have used or intend to use this confidential information to improperly solicit policyholders to cancel their policies with Plaintiff.

---

[1] Pursuant to the arbitration agreements with Defendants, Plaintiff is pursuing a separate arbitration claim against Defendants for damages caused by their alleged actions. However, these agreements permit the parties to pursue emergency injunctive relief in court. *See* Dkt. 1-1.

On September 9, 2020, the same day Plaintiff filed its complaint, Plaintiff also filed a motion for temporary restraining order along with a motion to engage in expedited discovery in advance of a preliminary injunction hearing. On September 23, 2020, Judge Harry D. Leinenweber[2] held a hearing on the motions. Plaintiff's counsel and Nicholas Derouin, appearing *pro se*, were present at the hearing.

Following the hearing, Judge Leinenweber entered an order temporarily restraining Defendants as follows:

> a) Defendants N. Derouin, Darsaklis, Naveroski, Dickerson, M. Derouin, Monroe, Nelson, Vinke, and Strauss are ordered to return all copies of policyholder information each Defendant has in his/her possession, and/or removed or copied from Bankers Life, and any documents or summaries containing such information, within three business days of the date of this Order;
>
> b) Defendants N. Derouin, Darsaklis, Naveroski, Dickerson, M. Derouin, Monroe, Nelson, Vinke, and Strauss are ordered to submit individual, signed declarations, identifying all third parties with whom the Defendant shared copies of policyholder information each Defendant possessed, removed or copied from Bankers Life, and any documents or summaries containing such information, within three business days of the date of this Order;
>
> c) Defendants N. Derouin, Darsaklis, Naveroski, Dickerson, M. Derouin, Monroe, Nelson, Vinke, and Strauss are ordered to submit all electronic storage devices they have used since May 1, 2020, to a computer forensic expert selected by Bankers Life to confirm whether there are copies of policyholder information each Defendant possessed, removed or copied from Bankers Life, and any documents or summaries containing such information on the device, and if such information is on the device, to confirm deletion of said information, within three business days of the identification to them by Bankers Life of such a vendor;
>
> d) Defendants N. Derouin, Darsaklis, Naveroski, Dickerson, M. Derouin, Monroe, Nelson, Vinke, and Strauss are prohibited from using copies of policyholder information each Defendant removed or copied from Bankers Life, and any documents or summaries containing such information, from the date of this Order through the preliminary injunction hearing in this matter;

Dkt. 14. Judge Leinenweber also entered an order granting Plaintiff's request for expedited discovery. Dkt. 15.

On October 12, 2020, Plaintiff filed a motion for rule to show cause alleging that none of the nine Defendants has complied with the court's temporary restraining order. Dkt. 19. Plaintiff asks that Defendants be ordered to show cause why they should not be held in contempt of court and requests attorneys' fees incurred in bringing this motion.

---

[2] This case has since been reassigned to Judge Iain D. Johnston.

This Court held a hearing on the motion on October 13, 2020. At the hearing, five of the nine Defendants appeared *pro se*, namely Nicholas Derouin, Constantine Darsaklis, Anthony Dickerson, Gayle Monroe, and Alyssa Vinke. Defendants were ordered to file formal appearances on the docket and respond to Plaintiff's motion for rule to show cause by October 27, 2020. To date, Nicholas Derouin is the only Defendant that filed his appearance in this case and none of Defendants have filed any responses to the motion. However, on October 26, 2020, the Court was copied on emails from each of the nine Defendants to Plaintiff's counsel wherein they provided their responses to Plaintiff's discovery requests. None of those responses addressed Plaintiff's pending motion for rule to show cause. On November 2, 2020, Plaintiff filed a response to its motion confirming that Defendants did not respond to the motion as ordered and still have not complied with the temporary restraining order. Dkt. 23. Therefore, the issue of Defendants' contempt is properly before the Court. *See Flow Capital Corp. v. Besh Holding Corp.*, No. 17 CV 810, 2020 WL 6149568, at *3 (N.D. Ill. Oct. 20, 2020) ("Because Citation Respondents had ample notice of the contempt claims against them and failed to respond on the merits, there is no need to direct a rule to show cause before the substantive requested relief is considered. *See S.E.C. v. Hyatt*, 621 F.3d 687, 696 (7th Cir. 2010) (noting a district court may treat a show-cause motion as a motion on the merits of contempt 'when it would not violate the alleged contemnor's right to notice and an opportunity to be heard').").

## II. Standard of Review

"A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir.2001).[3] "The terms of an injunction qualify as such an order, and a court's civil contempt power may therefore be employed to enforce them." *Teledyne Techs., Inc. v. Shekar*, No. 15-CV-1392, 2015 WL 3799559, at *4 (N.D. Ill. June 17, 2015), aff'd, 739 F. App'x 347 (7th Cir. 2018). To prevail on its motion to hold Defendants in civil contempt,[4] Plaintiff bears the burden of proving all of the following elements by clear and convincing evidence: (1) the court's September 23, 2020 order set forth an unambiguous command; (2) Defendants violated that command; (3) Defendants' violation was significant, meaning they did not substantially comply with the order; and (4) Defendants failed to take steps to reasonably and diligently comply with the order. *See Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008).

In civil contempt proceedings, disobedience of the order need not be willful. *See Dowell*, 257 F.3d at 699. Rather, a district court may find a party to be in civil contempt "if that party has

---

[3] This Court held the hearing on Plaintiff's motion for rule to show cause and is issuing a report and recommendation regarding contempt. Therefore, this Court's authority is governed by 28 U.S.C. § 636(b)(1)(B). *See F.T.C. v. Cleverlink Trading Ltd.*, No. 05 C 2889, 2006 WL 3106448, at *15 (N.D. Ill. Oct. 26, 2006) (comparing 28 U.S.C. § 636(b)(1)(B) and 28 U.S.C. § 636(e)(6)).

[4] Although Plaintiff's motion does not distinguish between civil and criminal contempt, the request is to hold Defendants in civil contempt because Plaintiff seeks to coerce compliance with the September 23, 2020 order. *See United States v. Lippitt*, 180 F.3d 873, 876-77 (7th Cir. 1999) ("[C]ontempt is considered civil if the sanction imposed is designed primarily to coerce the contemnor into complying with the court's demands and criminal if its purpose is to punish the contemnor, vindicate the court's authority, or deter future misconduct.").

3

not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Goluba v. School Dist. of Ripon*, 45 F.3d 1035, 1037 (7th Cir.1995) (internal quotation marks and citation omitted).

### III. Discussion

Here, Plaintiff asserts that Defendants have failed to comply with the court's September 23, 2020 restraining order, specifically that they failed to return any of Plaintiff's confidential information, provide signed declarations identifying all third parties with whom they shared this information, and turn over any electronic storage devices used since May 1, 2020 to the computer forensics expert it identified.

In determining whether the September 23, 2020 order set forth an unambiguous command, the Court reviews its content and scope as governed by Federal Rule of Civil Procedure 65. Pursuant to Rule 65(b)(2), a temporary restraining order "expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Although the court's September 23, 2020 order is titled a temporary restraining order, the order restrains Defendants "from the date of this Temporary Restraining Order through and including the conclusion of the hearing on Bankers Life's Motion for Preliminary Injunction." Dkt. 14.[5] However, no hearing on Plaintiff's motion for preliminary injunction was set.

"A temporary restraining order that remains in force longer than 20 days [now 28 days] must be treated as a preliminary injunction." *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 496 F.3d 769, 771 (7th Cir. 2007). Accordingly, it appears that the September 23, 2020 order, which was entered following a hearing wherein Nicholas Derouin contested the entry of the order, should be treated as a preliminary injunction but is otherwise effective. *See also H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 844 (7th Cir. 2012) ("When a TRO is extended beyond the 28–day limit without the consent of the enjoined party, it becomes in effect a preliminary injunction that is appealable, but the order remains effective."). To date, Defendants have not challenged the entry of the September 23, 2020 order. *See United States v. Rylander*, 460 U.S. 752, 756, (1983) ("It would be a disservice to the law if we were to depart from the long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy.") (internal quotation marks and citation omitted).

Rule 65(d) governs the Court's power to bind persons to an injunction or restraining order, stating that such orders are binding on those "who receive actual notice of it by personal service or otherwise." Plaintiff has provided copies of the September 23, 2020 order to all nine Defendants. The Court finds that Nicholas Derouin, Constantine Darsaklis, Anthony Dickerson,

---

[5] At the hearing on September 23, 2020, Judge Leinenweber ordered that Defendants be restrained until October 6, 2020. However, Judge Leinenweber's written order controls. *See Selyutin v. Bd. of Directors of Skokie Gardens Condo. Ass'n*, 818 F. App'x 535, 537 (7th Cir. 2020) ("[D]istrict judges are not bound by their oral remarks from the bench. When a judge's oral statements contradict a later written opinion, as here, the written opinion controls.") (internal citation omitted).

Gayle Monroe, and Alyssa Vinke received actual notice of the order because they appeared at the October 13, 2020 hearing on Plaintiff's motion for rule to show cause.

As to the remaining four Defendants, namely John Naveroski, Madyson Derouin, James Nelson, and Michael Strauss, Plaintiff has made numerous attempts to confirm that they have received actual notice by: delivering a copy to their last known address and their work address as listed on the website of Defendants' new company; emailing to their last known personal email address and business email address as listed on the website of Defendants' new company with no indication they were undeliverable; providing a copy to the highest ranking employee of Defendants' new company, who confirmed that he would seek to ensure that all nine Defendants comply with the temporary restraining order; and providing a copy to counsel for the umbrella organization for Defendants' new company. *See* Dkts. 19-3, 19-4, 19-5, 19-6. Although Plaintiff has not received direct confirmation that these four Defendants received a copy of the September 23, 2020 order, on October 26, 2020, all nine Defendants emailed their responses to Plaintiff's discovery requests relating to the September 23, 2020 order. Based on all the evidence provided, the Court finds that Defendants received actual notice of the September 23, 2020 order. *See Teledyne Techs., Inc.*, 2015 WL 3799559, at *6 ("A party cannot escape a contempt finding for violating an explicit court order simply by claiming that the order was invalid due to notice or service problems. *See S.E.C. v. Kimmes*, 753 F. Supp. 695, 700 (N.D. Ill. 1990) (holding in contempt defendant who 'arrogantly and surreptitiously flouted a court order of which he was fully cognizant' and noting that '[n]o one has the right to do that even if such a court order is downright void.')."); *see also Cent. States, Se. & Sw. Areas Health & Welfare & Pension Funds v. Transcon Lines*, No. 90 C 1853, 1995 WL 472705, at *8 (N.D. Ill. Aug. 8, 1995) ("[I]n the context of civil contempt, notice of the court order, whether actual or constructive, is notice of the order's existence, not of its precise terms. *See Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 646 F.2d 800, 808 (2d Cir. 1981) (contemnor was party which knew order had been entered against it but failed to ascertain particulars of order)."). Therefore, the Court will now review the elements for a finding of contempt.

First, the September 23, 2020 order unambiguously ordered all nine Defendants to return any of Plaintiff's confidential information, provide signed declarations identifying all third parties with whom they shared this information, and turn over any electronic storage devices used since May 1, 2020 to a computer forensics expert. Second, despite this clear order, Defendants have not complied with these commands. Third, Defendants' violation of the order was significant. They did not substantially comply with any of the orders commands. Fourth, Defendants failed to take steps to reasonably or diligently comply with the order.

At the hearing on October 13, 2020, Nicholas Derouin and Anthony Dickerson maintained that they did not have any of Plaintiff's confidential information and objected to the search of their personal electronic storage devices. Nicholas Derouin and Gayle Monroe emailed similar objections to Plaintiff's counsel before the hearing, claiming that they did not store any of Plaintiff's information on any electronic storage devices and that iPads and smartphones were not considered electronic storage devices that would need to be turned over. *See* Dkt. 19-7, 19-8, 19-9. However, these challenges to the underlying order do not excuse Defendants noncompliance with the clear commands of the September 23, 2020 order. Moreover, when Defendant answered written discovery, they maintained that they did not have any of Plaintiff's confidential

5

information, but to date, have failed to provide any signed declaration as required by the order. Other than maintaining that they did nothing wrong, Defendants have offered no explanation as to why they are unable to comply with the September 23, 2020 order. Even Nicholas Derouin's apparent confusion over what is considered an "electronic storage device" appears to be grounded in his assertion that he did not store any of Plaintiff's information on any personal devices. This may be true, but as Plaintiff states, it has the right to have a computer forensic expert verify that all of Plaintiff's confidential information has been returned.

Accordingly, the Court finds that Plaintiff has demonstrated by clear and convincing evidence all the requirements to find Defendants in contempt for violating the September 23, 2020 order. Therefore, this Court recommends that Defendants be found in contempt of court and that they be ordered to comply with the September 23, 2020 order. Should Judge Iain D. Johnston adopt this Court's report and recommendation regarding contempt, this Court further recommends that Plaintiff's request for attorneys' fees also be granted. *See Flow Capital Corp.*, 2020 WL 6149568, at *4 (ordering reasonable attorneys' fees and costs associated with bringing motion for rule to show cause to both compel compliance and compensate a party for losses sustained). Plaintiff shall submit an affidavit and documentation of attorneys' fees as soon as practicable, after which the Court will issue a ruling awarding those fees reasonably incurred.

## IV. Conclusion

For the reasons stated above, it is this Court's report and recommendation that Plaintiff's motion for rule to show cause be granted and that Defendants be found in contempt for violating the September 23, 2020 order.

Date: November 10, 2020         By:  /s/ Lisa A. Jensen
                                     Lisa A. Jensen
                                     United States Magistrate Judge