UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Bankers Life & Casualty Co., )<br>            Plaintiff, )<br>)<br>v. )<br>)<br>Nicholas Derouin, *et al.*, )<br>            Defendants. ) | No. 20 CV 50340<br>Judge Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Magistrate Judge Jensen's Report and Recommendation that plaintiff Bankers Life's motion for a rule to show cause be granted and that the defendants be found in civil contempt for not complying with a temporary restraining order. For the reasons that follow, the Report and Recommendation [24] is accepted, the motion for a rule to show cause [19] is granted, the defendants are held in civil contempt, and the plaintiff's motion for attorneys' fees [77] is granted as modified. In addition, because of the stipulation to dismiss defendant Strauss [101], the clerk is directed to terminate defendant Strauss. Finally, in light of the remaining parties' stipulation and agreed injunction [99], the agreed injunction will enter separately and the clerk is directed to terminate this case.

**BACKGROUND**

According to the complaint, the nine named defendants were all managers or agents of plaintiff Bankers Life, but left its employ to join a competitor. After they left, Bankers Life filed suit seeking injunctive relief to prevent the defendants from using its confidential information while working for the competitor. Along with the complaint, Bankers Life filed a motion seeking a temporary restraining order under Federal Rule of Civil Procedure 65. On September 14, 2020, the district judge originally assigned to this case, Judge Leinenweber, set the motion for a temporary restraining order (a "TRO") for presentment on September 23, 2020. Dkt. 8.

Defendant James Nelson was served with the summons and complaint on September 19, 2020, Dkt. 19, Ex. 2 at 6, while defendants Nicholas Derouin and Gayle Monroe were served with summons, complaint, and a copy of the motion for a TRO on September 22, 2020, *id*. at 2, 4. Judge Leinenweber held a telephonic hearing on the motion for a TRO on September 23, 2020, and entered the TRO that same day. Dkt. 14. Judge Leinenweber also granted Bankers Life's motion for expedited discovery. *Id.* It is not clear from the docket whether any of the three defendants that had been served—Nelson, Derouin or Monroe—participated in the September 23, 2020, telephonic hearing.

The TRO directed all nine defendants to comply with the following:

(a) return all copies of policyholder information and any documents or summaries containing such information in their possession and/or obtained from Bankers Life within three business days of the date of the TRO;

(b) submit individual, signed declarations identifying all third parties with whom they shared copies of policyholder information and any documents or summaries containing such information in their possession and/or obtained from Bankers Life within three business days of the date of the TRO;

(c) submit all electronic storage devices they have used since May 1, 2020, to a computer forensic expert to confirm whether the devices contain copies of policyholder information and any documents or summaries containing such information and to confirm deletion of any such information in their possession and/or obtained from Bankers Life, within three business days of the plaintiff identifying a computer forensic expert; and

(d) the defendants are prohibited from using copies of policyholder information and any documents or summaries containing such information in their possession and/or obtained from Bankers Life, from the date of the TRO through a preliminary injunction hearing in this case.

Dkt. 14 at 2-3.

On October 6, 2020, Magistrate Judge Jensen set a telephonic status hearing for October 13, 2020, to discuss discovery. Dkt. 18. On October 12, 2020, the day before the hearing that Judge Jensen set, Bankers Life filed a motion for a rule to show cause why the defendants should not be sanctioned for failing to comply with the requirements of the TRO. Dkt. 19. The motion also sought attorneys' fees incurred because of the motion for a rule to show cause. During the October 13, 2021, telephonic status hearing, Judge Jensen set a briefing schedule on the motion for a rule to show cause requiring the defendants to respond by October 27, 2020, and Bankers Life to reply by November 3, 2020. Dkt. 22. Five of the nine defendants participated in the October 13, 2020, telephonic hearing *pro se*, including N. Derouin, Constantine Darsaklis, Anthony Dickerson, Monroe, and Alyssa Vinke. Dkt. 24 at 3. The same day as the October 13, 2020, hearing, Nicholas Derouin became the first defendant to file an appearance, which he did *pro se*. Dkt. 20.

The *pro se* defendants did not file a response to the motion for a rule to show cause by the deadline. On November 2, 2020, Bankers Life filed a brief noting that the defendants had missed the deadline to file a response. Dkt. 23. On November 10, 2020, Judge Jensen issued a Report and Recommendation ("R&R") that the motion for a rule to show cause be granted, and that if this Court granted the motion, that it also award Bankers Life the fees it incurred because of the motion. Dkt. 24. In support of her recommendation, Judge Jensen determined the following: (1) although three defendants—N. Derouin, Dickerson, and Monroe—asserted before and during the October 13, 2020, hearing that they did not possess any of Bankers Life's policyholder information, none of the defendants turned over the electronic storage devices for Bankers Life's expert to confirm that they did not contain Bankers Life's information, and none

- 2 -

of them provided the required signed declarations; (2) the TRO unambiguously required the defendants to do so; (3) the defendants failed to takes steps to reasonably and diligently comply with the TRO; and (4) their violations of the TRO were significant. *Id.* at 5-6. Judge Jensen noted that any objections to the R&R were due by November 24, 2021. Dkt. 24.

After Judge Jensen's R&R issued on November 10, 2020, the *pro se* defendants sprang into action. On November 12, 2020, the remaining eight defendants filed *pro se* appearances. Dkts. 25 (Michael Strauss), 26 (Nelson), 27 (John Naveroski), 28 (Monroe), 29 (Vinke), 30 (Dickerson), 31 (Darsaklis), and 32 (Madyson Derouin). On the November 24, 2020, deadline for objections, the defendants individually filed a number of documents, though none was explicitly designated as an objection to the R&R. The documents the defendants filed included responses to Bankers Life's discovery requests, a schedule of the defendants' electronic storage devices, signed declarations, and documents entitled "Memorandum." Most of the memoranda note that the defendants thought they had responded to the plaintiff's discovery requests on October 26, 2020, had scheduled the collection of their electronic storage devices, did not realize they needed to respond to the motion for a rule to show cause but have now done so, had not attempted to dodge service, and objected to an award of attorneys' fees because they intended to comply with the TRO. *See* Dkts. 36 (N. Derouin); 38 (M. Derouin); 45 (Vinke); 50 (Darsaklis); 55 (Dickerson); 60 (Nelson); 65 (Naveroski); 70 (Monroe).[1] In the signed declarations, the defendants note that they do not have Bankers Life's confidential information, therefore could not have shared it with third parties, and that they have cooperated in the collection of their electronic storage devices. *See* Dkts. 46 (Vinke); 51 (Darsaklis); 56 (Dickerson); 61 (Nelson); 66 (Naveroski); and 71 (Monroe).[2]

On December 17, 2020, Bankers Life filed a motion for fees, seeking fees totaling $10,451.50 incurred during the period October 5, 2020, through October 30, 2020, working on the motion for a rule to show cause. The defendants responded to the motion for fees on January 12, 2021, objecting to any award of fees because the defendants had tried to file their "response" by the October 26, 2020, but "the response was not filed right." Dkt. 80 at 2. The parties also filed various status reports. On January 12, 2021, the defendants filed a report noting that they thought that on October 26, 2020, "they had turned in and produced the documents necessary to comply with the court," but did so incorrectly. Dkt. 81. The report also takes issue with a written report Bankers Life had filed on December 18, 2020, in which Bankers Life detailed the status of the defendants' turning over their electronic storage devices and what was found – the defendants denied that materials found on some of their devices were Bankers Life's private information but rather was publicly-available pricing information, denied that texts were withheld but rather had been auto-deleted, and denied that they had withheld any electronic storage devices. *Id.* at 3-5. On January 13, 2021, the defendants filed a report agreeing to hand over all of their electronic storage devices for a search and removal of any policyholder information, and stating that any previous failures to turn over or delete information was because Bankers Life never fully defined what information it considered policyholder information, rather than because of any ill intent by the defendants. Dkt. 83 at 2-3.

---

[1] Strauss did not file a memorandum.
[2] N. Derouin, M. Derouin, and Strauss did not file declarations.

This Court held a telephonic status hearing on March 31, 2021, during which the parties raised the possibility of a settlement. Dkt. 89. The Court gave the parties time to confer and set the case over to June 7, 2021. *Id.* On May 10, 2021, the defendants filed a report apparently in response to a settlement proposal the plaintiff had sent to them to review. Dkt. 92. In the report, the defendants state that the "reason there was a contempt order, which followed with attorney's fees was because the defendant's filed their response wrong," which they claim they had "responded to the court to explain but we do not believe anyone read what we wrote." *Id.* at 2. They attached a long chain of e-mails "which shows we filed it wrong, but did in fact respond in time," and reiterated that "there was no ill intent and we have cooperated since day 1." *Id.* at 3. Finally, on July 26, 2021, the defendants filed a memorandum again addressing Bankers Life's motion for attorneys' fees. Dkt. 102. In the memorandum, the defendants take issue with Bankers Life's attempt to recover fees during the period October 12, 2020, the date it filed the motion for the rule to show cause, through October 26, 2020, the deadline for the defendants' response to the motion, because the defendants thought they were correctly filing their response on October 26, 2020, but "did not obviously file it right." *Id.* at 2. In support, the defendants attached additional e-mail chains they contend show their confusion over how to file *pro se* appearances and how to participate in telephonic status hearings, which became even more confusing when the case was transferred from Judge Leinenweber to this Court upon its confirmation as a district judge. *Id.* at 2-3.

## ANALYSIS

**A.    Contempt**

Under Federal Rule of Civil Procedure 72(b), a party may object to a magistrate judge's ruling on a dispositive issue within fourteen days of the ruling. If a party objects, the district judge must then "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Motions for injunctive relief are dispositive, *see* 28 U.S.C. § 636(b)(1)(A), and although Judge Jensen's R&R involves contempt for alleged violations of a temporary restraining order rather than an injunction, it is nevertheless subject to *de novo* review if properly objected to. *See Mintel Int'l Group, Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 690 (N.D. Ill. 2009) (a magistrate judge's "order is subject to *de novo* review, whether the motion that gave rise to the order is reviewed as seeking a contempt finding for violation of the TRO, sanctions under Rule 37, or both.").

"A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737 (7th Cir. 1999). To show that a party should be held in civil contempt for violating a court order, the movant must establish each of the following elements by clear and convincing evidence: (1) the order sets forth an unambiguous command; (2) the opposing party violated that command; (3) the violation was significant, meaning it did not substantially comply with the order; and (4) the opposing party failed to take steps to reasonably and diligently comply with the order. *See Prima Tek II, LLC v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008). A finding of scienter is not required. *S.E.C. v. McNamee*, 481 F.3d 451, 456 (7th Cir. 2007). Sanctions may be both coercive, seeking

to induce future behavior, and remedial, compensating the aggrieved party for losses sustained because of the contumacy. *Jones*, 188 F.3d at 738.

The threshold issue is what, if any, part of Judge Jensen's R&R did the defendants object to under Fed. R. Civ. P. 72(b)(3). Objections were due November 24, 2020. Dkt. 24. On that date, the defendants filed a number of documents, none of which were explicitly labeled as being objections, though each defendant except Strauss filed a document called a "response to the Memorandum and Order dated on 11/10/2020." *See* Dkts. 36 at 3 (N. Derouin); 38 at 3 (M. Derouin); 45 at 2 (Vinke); 50 at 2 (Darsaklis); 55 at 2 (Dickerson); 60 at 2 (Nelson); 65 at 2 (Naveroski); 70 at 2 (Monroe). Those responses addressed only the issue of service, each stating that the defendant who filed it had not attempted to evade service. *Id.* Other filings appear to take issue with another of the findings in the R&R: that the "Defendants failed to take steps to reasonably or diligently comply with the" TRO. Dkt. 24 at 5. For instance, the defendants' declarations also filed November 24, 2020, stated that they have been cooperating with the collection of their electronic storage devices. *See* Dkts. 46 (Vinke); 51 (Darsaklis); 56 (Dickerson); 61 (Nelson); 66 (Naveroski); and 71 (Monroe). In written reports filed January 12, 2021, and January 13, 2021, the defendants asserted that information found on their electronic storage devices was publicly-available, and therefore not Bankers Life's private information they were required to return, Dkt. 81 at 3-5, or that Bankers Life never fully defined what policyholder information it wanted returned, Dkt. 83 at 2-3, and that they are *pro se* litigants who have done their best to comply with their obligations and had no ill intent, *id.* Because the defendants are proceeding *pro se*, the Court liberally construes their filings as objections to Judge Jensen's R&R. *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017).

Next, the Court addresses the objections the defendants raised. First, the defendants deny that they evaded service. For example, defendant Vinke raised the issue of service by stating that "the gentleman missed me," and that she later arranged for the gentleman to serve her, which occurred on the morning of October 26, 2020. Dkt. 45 at 2. The defendants' arguments appear to be that they were not properly served with the temporary restraining order, and therefore cannot be held in contempt for violating it: "The defendants were not fully served until October 26th, which was arranged by myself to ease the person doing the serving. . . . How can we be held in contempt when all the defendants were not served until October 26th." Dkt. 102 at 2. Under Federal Rule of Civil Procedure 65(d)(2)(A), the persons bound by a TRO include parties "who receive actual notice of it by personal service *or otherwise*." (emphasis added). So personal service is not required if a party otherwise received actual notice of the TRO. In the R&R, Judge Jensen determined that all of the defendants had actual notice of the TRO: defendants N. Derouin, Darsaklis, Dickerson, Monroe and Vinke because they appeared for the October 13, 2020, hearing on the motion for a rule to show cause, and defendants Naveroski, M. Derouin, Nelson and Strauss because of the multiple efforts of the plaintiff to get them a copy, including delivering copies to their home and work addresses, sending electronic copies to their home and work e-mail addresses, and providing copies to their new employer which confirmed that it would ensure the defendants comply with the order. In addition, defendant Nelson was personally served with the summons and complaint on September 19, 2020, and defendants N. Derouin and Monroe were personally served with a copy of the motion for a TRO on September 22, 2020, so all three of those defendants knew of the proceedings before the TRO entered. Dkt.

19, Ex. 2 at 2, 4, 6. In their objections, the defendants do not contend that they never received actual notice of the TRO, just that they were not fully served until after the hearing on the motion for a rule to show cause. Accordingly, they have not properly objected to Judge Jensen's conclusion that they were bound by the TRO because they received actual notice of it. As a result, their objection that they were not bound by the TRO because they were never served with it is overruled.

Second, liberally construing the defendants' filings they appear to argue that that they should not be held in contempt because they have been cooperating with the plaintiffs since day one, thought they had filed their response to the rule to show cause when due October 26, 2020, but learned only later that they had filed it incorrectly, that they eventually turned over their electronic storage devices, that any of Bankers Life's policyholder information they failed to return was because Bankers Life did not adequately define what information it wanted back, and that they are *pro se* defendants who did the best they could with no ill intent. In support, they have attached e-mails to show their confusion over how to participate in telephonic status hearings scheduled for October 7, 2020, and October 13, 2020, to file their appearances, and their attempts to file their responses to the plaintiff's discovery requests and to the motion for a rule to show cause.

The basis of the plaintiff's motion for a rule to show cause is the defendants' failure to comply with the requirements of the TRO, specifically to turn over Bankers Life policyholder information and submit signed declarations identifying any third-parties with whom they shared that information, all of which was due within three business days of the September 23, 2020, entry of the TRO, as well as to submit their electronic storage devices within three business days of Bankers Life identifying a computer forensic expert to search the devices – Bankers Life contends it identified the expert on September 25, 2020, Dkt. 19 at 2, a contention the defendants have never disputed. So, that is the basis of Bankers Life's rule to show cause. The e-mails the defendants have submitted demonstrate their efforts to file appearances and participate in the October 7, 2020, and October 13, 2020, telephonic hearings, but the plaintiff is not seeking to hold the defendants in contempt for failing to timely appear or for failing to participate in status hearings – the October 7, 2020, status hearing was cancelled and five of the nine defendants participated in the October 13, 2020, hearing. The remainder of the e-mails are from after the plaintiff filed the motion for a rule to show cause, and show that the defendants did not take steps to comply with the dictates of the TRO until after the plaintiff filed the motion seeking a finding of contempt. To the extent they contend that Bankers Life did not adequately describe "policyholder information" as used in the TRO, it appears from their filings that they never sought clarification from Bankers Life before Bankers Life filed the motion for a rule to show cause. Instead, they disregarded their obligations, which does not demonstrate steps to reasonably and diligently comply with the TRO. Although the defendants contend that their initial failure to turn over information, devices, and declarations was without ill intent, scienter is not a prerequisite to a finding of contempt. *See McNamee*, 481 F.3d at 456. Because the defendants' filings establish that they attempted to comply with the TRO only *after* the plaintiff filed the motion for a rule to show cause, their objections to the R&R based on their alleged attempts to cooperate since day one are overruled.

The Court briefly addresses an issue not raised by the defendants. Under Fed. R. Civ. P. 65(b)(2), a TRO expires after 14 days, unless before expiration of the initial 14-day period, a court extends it for one additional 14-day period. The TRO was entered on September 23, 2020, and was never extended before it expired 14 days later. Nevertheless, even after a TRO has expired, a party remains subject to a court's contempt powers for violations of the TRO that occurred while it was in effect. *See Ohr ex re. NLRB v. Latino Express, Inc.*, No. 11 CV 2382, 2013 U.S. Dist. LEXIS 1897183, at *4 (N.D. Ill. Mar. 1, 2013) ("'a person who violates an injunction or temporary restraining order during its pendency is subject to a compensatory civil contempt judgment, even if the injunction or restraining order later terminates due to the passage of time or mootness.'") (quoting *Reliance Ins. Co. v. Mast Constr. Co.*, 84 F.3d 372, 376 (10th Cir. 1996)).

Because the defendants' objections are overruled, the Court adopts Judge Jensen's recommendation [24], grants the plaintiff's motion for a rule to show cause [19], and finds the defendants in contempt of the requirements of the TRO to return policyholder information, provide signed declarations, and turn over electronic storage devices within the deadlines set in the TRO or at any time before the filings of the motion for a rule to show cause.

**B.     Fees**

Having found the defendants in contempt, the Court turns to the plaintiff's motion for attorneys' fees. A district court "has wide latitude to craft civil contempt sanctions to coerce obedience to the court's orders and compensate the plaintiff for losses." *Teledyne Techs. Inc. v. Shekar*, 739 Fed. Appx. 347, 351 (7th Cir. 2018). The plaintiff seeks an award of the attorneys' fees it incurred because of the defendants' failure to timely comply with the TRO, specifically the hours it spent drafting and filing the motion for a rule to show cause and the reply brief required by the briefing schedule. Again, this is the focus of the attorneys' fee petition. The Court finds that fees spent on the motion for a rule to show cause would reasonably compensate the plaintiff for losses incurred as a result of the defendants' contumacy. Reasonable fees are calculated under the lodestar method, which is the product of hours reasonably incurred and a reasonable hourly rate. *Id.*

The defendants have not objected to the hourly rates counsel seek, which range from $425 to $675 an hour for attorney time, and $255 an hour for paralegal time. Dkt. 77, Ex. A. In in the absence of any objection to those rates, the Court finds them to be reasonable.

But the defendants object to the total hours spent, specifically fees incurred after the October 12, 2020, filing of the motion for a rule to show cause. In support, they explain their own difficulty responding to the motion for a rule to show cause, including attaching an e-mail defendant N. Derouin sent to defense counsel on October 23, 2020, promising to respond by the October 26, 2020, deadline, Dkt. 102, Ex. 1 at 21, and an e-mail sent to defense counsel on October 26, 2020, with a pdf file attached (though the contents of the pdf file are not identified), *id.* at 22. In particular, the defendants contend that they should not be required to pay the plaintiff's attorneys fees incurred because of their failure to respond to the rule to show cause because N. Derouin "thought [he] was doing it correctly" by e-mail and because when he tried to file paper copies at the courthouse, he was "turned away because of Covid." Dkt. 102 at 2. But,

again, the defendants' failure to meet the deadline to respond to the motion for a rule to show cause is not why the plaintiff sought an order of contempt and Judge Jensen recommended entering one—the contemptuous conduct was failing to comply with the TRO by not turning over Bankers Life's policyholder information, the required declaration, and the electronic storage devices within three business days of being required to do so. Their failure to comply with the TRO on their own led the plaintiff to file the motion for a rule to show cause, and for Judge Jensen to enter a briefing schedule. The briefing schedule required the plaintiff to file a reply brief by November 3, 2020, whether or not the plaintiff filed a response brief. Accordingly, the plaintiff would have incurred fees drafting the reply brief whether or not the defendants had timely responded to the motion for a rule to show cause. The Court has reviewed the billing summary attached to the motion for fees, Dkt 77, Ex. A., and finds the total hours spent, consisting of 12.5 hour spent preparing the motion and at the hearing, plus 5.8 hours spent after the hearing, to have been reasonably incurred.

Accordingly, under the lodestar method the plaintiffs' fees total $10,451.50, or about $1,161.28 for each of the nine original defendants. However, according to the plaintiff's supplemental brief they are not seeking the share of fees attributable to defendants M. Derouin, a college student, or the defendant they previously dismissed, Darsaklis. *See* Dkt. 97 at 6. In addition, the plaintiff is now also dismissing defendant Strauss. Accordingly, the plaintiff's motion for fees [77] is granted as modified and fees are awarded in the total amount of $6,967.68, the shares owed by the remaining 7 defendants, less the share owed by M. Derouin.

C.     **Stipulation and Agreed Injunction**

Finally, before the Court is the remaining parties' stipulation and agreed injunction. Dkt. 99. The Court will enter the agreed injunction but notes that the provisions regarding the motions for a rule to show cause and for attorneys' fees are now moot.

## CONCLUSION

For the reasons given, the Report and Recommendation [24] is accepted, the motion for a rule to show cause [19] is granted, the defendants are held in civil contempt, and the plaintiff's motion for attorneys' fees [77] is granted as modified and fees are awarded in the amount of $6,967.68, with the following defendants each liable for a $1,161.28 share: N. Derouin, Naveroski, Dickerson, Monroe, Nelson, and Vinke. Defendant Strauss is dismissed pursuant to the parties' stipulation [101]. The agreed injunction will enter separately and the clerk is directed to terminate this case.

Date: September 1, 2021          By: _____
                                         Iain D. Johnston
                                         United States District Judge